IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERATION FOR AMERICAN IMMIGRATION REFORM, 25 Massachusetts Ave., N.W., Suite 330 Washington, D.C. 20001,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, 3801 Nebraska Ave., N.W. Washington, D.C. 20016,<br><br>Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action against the U.S. Department of Homeland Security ("DHS") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff FAIR ("Plaintiff") is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25

Massachusetts Ave., N.W., Suite 330, Washington, D.C. 20001. Plaintiff seeks to educate the citizenry and increase public awareness of immigration issues and hold the nation's leaders accountable for enforcing the nation's immigration laws. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant DHS is an agency of the U.S. Government and is headquartered at 3801 Nebraska Ave., N.W., Washington, D.C. DHS has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On May 31, 2016, Plaintiff submitted a FOIA request, by FOIA portal, to DHS, specifically its Privacy Office, seeking access to the following public records:

1) Any and all records of communications, including but not limited to emails, referring or relating to the arrangement of the following meeting, as listed in the secretary's calendar: 'CIR/Legal Authority' (July 3, 2014).[1]
    (a) Any and all records of agendas and schedules and notes or memos taken by the secretary and/or other Homeland Security department (DHS) staff with regards to the meeting mentioned in item 1.

2) Any and all records of agendas and schedules, including attendees and participants, and notes or memos by the secretary and/or other DHS staff relating or referring to the following meeting, as listed in the secretary's calendar: 'Senior Leaders Council Off-Site Meeting' (October 16, 2014).[2]

6. Plaintiff received an acknowledgement letter from DHS dated June 9, 2016, assigning Plaintiff's FOIA request the number 2016-HQFO-00429.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DHS was required to determine whether to comply with each part of Plaintiff's FOIA request within twenty (20) working days after receipt

---

[1] https://www.dhs.gov/sites/default/files/publications/secretary-johnson-calendar-2014.pdf (Page 245).
[2] *Id*. at 392.

of each request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, DHS's determination of the FOIA request was due on June 28, 2016 at the latest.

8. As of the date of this Complaint, DHS has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determination or the reasons for such determination; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9. Because DHS has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to the FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to both requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request, and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive

records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  July 18, 2017				Respectfully submitted,

/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Immigration Reform Law Institute
25 Massachusetts Ave. NW, Suite 335
Washington DC, 20001
Telephone: 202-232-5590
FAX (202) 464-3590
Email: jaxelrod@irli.org